_____

| | |
|---|---|
| **JOHN JUDKINS**, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. _____ |
| | : |
| **PIONEER ROOFING SYSTEMS, INC.** | : |
| | : |
| Please Serve: R/A Michael J. Weiser | : |
| 510 King St. Suite 416 | : |
| Alexandria, VA 22314 | : |
| | : |
| and | : |
| | : |
| **STEPHEN R. WANN** | : |
| | : |
| Please Serve: Stephen R. Wann | : |
| 23235 Old House Cove Rd. | : |
| St. Michaels, MD 21663 | : |
| | : |
| Defendants. | : **TRIAL BY JURY DEMANDED** |
| | : |

## COMPLAINT

**(Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.)**

COMES NOW, the Plaintiff, JOHN JUDKINS ("**Mr. Judkins**" or "**Plaintiff**"), by and

through undersigned counsel and moves this Honorable Court for judgment against the

Defendants, Pioneer Roofing Systems, Inc. ("**PRS**") and Stephen Wann ("**Wann**") (collectively

"**Defendants**"), on the grounds and praying for the relief hereinafter set forth:

### Parties

1.      Plaintiff, Mr. Judkins, is a resident and domiciled in the Commonwealth of Virginia.

2.      Defendant, PRS, is a company incorporated under the laws of the Commonwealth of

Virginia with a principal place of business located in Lorton, Virginia.

3. Upon information and belief, Defendant, Wann, is an individual currently residing in the State of Maryland, but was residing in and domiciled in Virginia at all relevant times herein.

4. Upon information and belief, Wann is the Owner and Director of PRS.

## Jurisdiction and Venue

5. This action is brought by Plaintiff for damages on account of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

6. Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 201, et seq.; 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a).

7. Defendant is an enterprise with employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person pursuant to 29 U.S.C. § 203.

8. Upon information and belief, Defendant has an annual dollar volume of $500,000 or more in sales made or business done pursuant to 29 U.S.C. § 203.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants transacted business in this district and maintain a principle place of business in this district.

## Statement of Facts

10. Mr. Judkins was formerly employed by PRS as a roofing laborer.

11. In that position, Mr. Judkins was paid approximately $15.00 per hour.

12. During his employment however, Mr. Judkins was not provided any compensation for the time spent traveling between different worksites.

13. Consequently, Mr. Judkins is owed compensation for this time.

14.     Mr. Judkins is also owed compensation, at time and a half, for every hour he worked in excess of 40 hours per week.

15.     PRS was aware that Mr. Judkins was working overtime hours, and knowingly failed to pay him wages properly owed.

16.     Mr. Judkins also reported these FLSA violations to PRS and requested full payment.

17.     Thereafter, Mr. Judkins was terminated from employment.

## COUNT I
## Violation of the FLSA, 29 U.S.C. § 201, et seq.

18.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

19.     Defendant is a private business that, upon information and belief, is engaged in interstate commerce and have sales volume greater than $500,000 per year. Accordingly, Defendant is covered by and must comply with the FLSA.

20.     The FLSA mandates certain minimum standard of living requirements with regards to labor and employment.

21.     Pursuant to 29 U.S.C. §§ 207(a)(1), 213(a)(1), employers are required to pay overtime compensation to employees who work more than forty hours per week, unless such individual is exempt as being "employed in a bona fide executive, administrative, or professional capacity."

22.     Upon information and belief, Mr. Judkins was not paid for the time spent traveling between various projects.

23.     Mr. Judkins is also owed compensation, at time and a half, for every hour he worked in excess of 40 hours per week.

24.     Defendant's refusal to pay Mr. Judkins was willful and in bad faith. Defendant should therefore also be required to compensate Mr. Judkins in an amount equal to the lost regular and

overtime pay as liquidated damages. 29 U.S.C. § 216(b).

25.     Additionally, the FLSA requires that the Defendants compensate the Plaintiff for attorney fees and costs in bringing this case.

## COUNT II
## Retaliation in Violation of the FLSA, 29 U.S.C. § 215

26.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

27.     The retaliation provision of the FLSA renders it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

28.     PRS failed to pay Mr. Judkins the wages owed to him.

29.     After notifying PRS and raising awareness of the nonpayment, Mr. Judkins was terminated from employment.

30.     Mr. Feather's termination was a direct and proximate result of his reporting and opposing FLSA violations.

## COUNT III
## Breach of Contract

31.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

32.     The parties entered into an agreement that required the payment of $15.00 per hour for every hour worked by Plaintiff.

33.     Defendants breached the terms and understanding of this agreement by failing to pay Mr. Judkins for all of the hours worked.

34.     Plaintiff fully performed all obligations under the Agreement.

35.     As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiff has suffered monetary damages in an amount to be proven at trial.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on Plaintiff's behalf against Defendants;

B. Award Plaintiff compensatory damages and punitive damages;

C. Award Plaintiff back pay for unpaid regular hours and unpaid overtime hours;

D. Award Plaintiff court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest at the rate of 8% per annum, pursuant to VA Code § 40.1-29(G);

E. Award Plaintiff liquidated damages pursuant for Defendant's willful violation of the FLSA; and

F. Grant such other relief as this Court may consider just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

JOHN JUDKINS,

   _/s/ Zach Miller_____
Zach Miller (VSB No. 85860)
Dirk McClanahan (VSB No. 81208)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326

FaPRSmile:  (703) 828-0205
Email: zmiller@mcplegal.com
       dmcclanahan@mcplegal.com
*Counsel for Plaintiff*